FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 1 4 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00914-BNB

RANDOLPH STEPHEN BAIRD,

     Applicant,

v.

COLORADO DEPARMENT [sic] OF CORRECTION,
KIT CARSON CORRECTIONAL CENTER,
WARDEN ARIL CHAPMAN,
SOUTH CAROLINA DEPARTMENT OF PAROLE AND PROBATION, Future Custody,
JOE WOLFE, Agent, and
THE ATTORNEY GENERAL OF THE STATE OF SOUTH CAROLINA
     HENRY MCMASTER,

     Respondents.

---

## ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

---

Applicant, Randolph Stephen Baird, currently is incarcerated at the Kit Carson

Correctional Center in Burlington, Colorado. He submitted to the Court *pro se* an

application pursuant to 28 U.S.C. § 2254 for writ of habeas corpus. He paid the $5.00

filing fee for a habeas corpus action.

The Court must construe Mr. Baird's filings liberally because he is representing

himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935

F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se*

litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Baird will

be ordered to file an amended application.

Mr. Baird alleges that he was convicted in the Court of General Sessions, Thirteenth Judicial Circuit, in Pickens, South Carolina, on state charges of unlawful use of the telephone. He further alleges that he was sentenced to ten years of imprisonment, suspended to five years of imprisonment with five years of probation. He asserts that the judgment of conviction was entered on July 26, 1996. Mr. Baird also alleges that he is the defendant in *People v. Baird*, Garfield County, Colorado, District Court Criminal Action No. 02 CR 394.

Mr. Baird's application is prolix and confusing. It is unclear what Mr. Baird has been charged with and whether he has been convicted in the Colorado criminal action, which conviction Mr. Baird is attacking in the instant habeas corpus application, and whether he currently is in the custody of the Colorado Department of Corrections. He appears to be attacking in one habeas corpus action both his South Carolina and Colorado convictions, although as relief he primarily asks for release from his South Carolina sentence.

Mr. Baird's habeas corpus application fails to comply with Rule 8 of the Federal Rules of Civil Procedure. The Federal Rules of Civil Procedure apply to applications for habeas corpus relief. *See* Fed. R. Civ. P. 81(a)(4); ***Browder v. Director, Dep't of Corrections***, 434 U.S. 257, 269 (1978); ***Ewing v. Rodgers***, 826 F.2d 967, 969-70 (10th Cir. 1987). Pursuant to Fed. R. Civ. P. 8(a), a pleading "shall contain (1) a short and plain statement of the for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought." Fed. R. Civ. P. 8(d)(1) provides that "[e]ach allegation must be simple,

concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Rule 4 of the Rules Governing Section 2254 Cases also requires Mr. Baird to go beyond notice pleading. *See Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977).  Mr. Baird must clearly allege his claims, and he must allege specific facts to support each asserted claim.  Naked allegations of constitutional violations are not cognizable in a habeas corpus action. *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam).

Mr. Baird will be directed to file an amended application that complies with Fed. R. Civ. P. 8 and Rule 4 of the Section 2254 Rules.  In the amended application, Mr. Baird is directed to state, clearly and concisely, each claim he intends to assert in this action. Mr. Baird may not refer to or rely upon attachments or documents external to the amended application to explain his asserted claims or to provide support for the asserted claims.

The Court also notes that Mr. Baird fails to name as Respondent the custodian of the facility where he currently is incarcerated.  The law is well-established that the only proper respondent to a habeas corpus action is the applicant's custodian. *See* 28 U.S.C. § 2243; Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts; and *Harris v. Champion*, 51 F.3d 901, 906 (10th Cir. 1995).

Accordingly, it is

ORDERED that Applicant, Randolph Stephen Baird, file **within thirty days from the date of this order** an Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 that complies with this order.  It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Baird, together with a copy of this order, two copies of the Court-approved form for filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, one of which is to be used in filing the amended application.  It is

FURTHER ORDERED that if Mr. Baird fails within the time allowed to file an amended application as directed, the application will be denied, and the action will be dismissed without further notice.

DATED April 14, 2011, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 11-cv-00914-BNB

Randolph Stephen Baird
Prisoner No. 119594
Kit Carson Correctional Center
PO Box 2000
Burlington, CO 80807

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. §2254 form** to the above-named individuals on April 14, 2011

GREGORY C. LANGHAM, CLERK

By:_____
                        Deputy Clerk